## Case No. 316.

### AMERICAN SADDLE CO. v. HOGG.

[Holmes, 177;[1] 2 O. G. 595; 6 Fish. Pat. Cas. 67.]

Circuit Court, D. Massachusetts. Oct. 29, 1872.

PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—EVIDENCE—DISAGREEMENT OF COUNSEL—WAIVER OF OBJECTIONS.

1. The court will not so far take notice of an alleged parol agreement of counsel made out of court, as to undertake, where there is a conflict of opinion between the respective counsel as to the terms of the agreement, or a difference of recollection as to its existence or meaning, to decide the question of accuracy of recollection or construction.

2. A waiver of an objection entered on the record of a suit in equity, should also be entered on the record.

In equity. Petition by the defendant for rehearing of a cause in equity between the same parties, previously decided in favor of the complainant. The grounds on which the petition was based are stated in the opinion. Petition denied.

P. H. Hutchinson, for complainant.

S. E. Ireson and J. H. Bradley, for defendant.

SHEPLEY, Circuit Judge. The grounds of the petition for rehearing are; that the court decided that a certain patent, which had been granted to one William Leonard for certain improvements in horse-collars (although introduced in evidence and properly in the case for the purpose of showing to the court the state of the art), could not be used by the defendant to show that the patentee was not the first and original inventor of any material and substantial part of the thing patented; the defendant having given no notice of such a defence in his answer, or stated therein the name of Leonard as patentee, or the date of his patent, and when granted, or the names or residences of any persons alleged to have had prior knowledge of the thing patented, or where or by whom it was used.

The defendant alleges further, that he gave the complainant a notice in writing, more than thirty days before the hearing, that he should offer the Leonard patent in evidence; and that also, during the time of taking testimony before the examiner, he produced and offered the Leonard patent in evidence; and that when objection was made to its admissibility on the ground that no such defence was set up in the answer, and no notice had been given, the counsel for defendant claimed that complainant had previously agreed "to waive all objections to the admission of said Leonard patent in evidence for want of notice of the same;" and stated that, unless complainant's counsel adhered to his former agreement, he should ask to

[1][Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

suspend the further taking of testimony in the cause until he had moved the court for leave to amend the answer filed in the cause, by pleading the Leonard patent therein; that thereupon complainant's counsel renewed his agreement not to object to the admission of said Leonard patent for want of notice of the same; and that, upon the said agreement being so made and renewed, the taking of said testimony was continued.

At the hearing of the cause the objection was insisted upon; and it appeared by the report of the examiner to have been duly taken and insisted upon when the testimony was produced before the examiner; nor was any record made of any waiver of the same, or agreement to waive the objection, at the hearing. When the objection was insisted on at the hearing, defendant's counsel insisted on the admissibility of the evidence, but did not then claim or state to the court that any agreement existed to waive the objection, nor claim that he was surprised by the objection being taken. Counsel claims to have forgotten at the hearing the fact that a written notice had been given, but does not claim to have forgotten the verbal agreement which he now contends was made at the time testimony was produced before the examiner.

By reference to the letter of defendant's counsel of Jan. 27, 1871, it will be seen that no notice is therein given of any intention to introduce the Leonard patent in evidence as proof of prior invention; and, in fact, the letter does not in any respect comply with the provisions of the statute in relation to notice of prior knowledge or use, or with the practice at that time in courts of equity, requiring like notice in equity proceedings.

The defendant's case for a rehearing must therefore depend entirely upon his claim that there was a verbal agreement between the counsel that complainant's counsel would waive his objection to the use of the patent in evidence, based upon the want of any allegation in the answer or other notice of such a defence.

The record in the cause shows that the objection was not waived, but insisted upon, when the evidence was offered before the examiner. Counsel for defendant offers affidavits tending to show that such an agreement was made; complainant's counsel introduces his own affidavit that he never made any agreement to waive the objection, and never intended to waive it, and never did waive it.

The court will not so far take notice of parol agreements of counsel, made or alleged to be made out of court, as to undertake, when there is a conflict of opinion between the respective counsel as to the terms of the agreement, or a difference of recollection as to its existence or meaning, to decide the question of comparative accuracy of recollection or construction, and determine, first, whether such a parol agreement

existed; and, secondly, what were its terms; and, thirdly, whether the court would enforce it against the objections of counsel or parties.

Especially in a case like the present, where, if such an agreement to waive the objection was made at the hearing before the examiner, it was in the power of the parties, and it was their duty, to have the waiver entered upon the same record on which the objection appeared. But with the full knowledge that the record showed the objection would be insisted upon, counsel proceeded to put on record the testimony objected to, without any record of any waiver of, or agreement to waive, the objection. The objection was insisted on at the hearing of the cause, and no application was made then for delay, or any intimation given to the court that counsel were surprised that an objection was insisted upon, which the printed record, which had long been in the hands of counsel, notified the counsel would be raised at the hearing. Under such circumstances, it is too late for an infringer to ask to have the case reopened to allow him to interpose a defence which he did not set up in his answer, and to give the requisite notices. A patentee is entitled to the presumptions arising from the grant of his patent; and in general, where infringers rely upon a defence which attacks the validity of the patent itself, they should be apprised of that defence themselves, and give the patentee notice of it before the hearing of the cause. Motion for rehearing denied.